No. 23.—WILLIAM COLLINS, administrator, plaintiff in error, *vs.* ANDREW TURNER, defendant.

[1.] When a writ of error is dismissed in this Court, no damages are recoverable in the cause in the Court below.

Motion, in Henry Superior Court. Decided by Judge STARK, April Term, 1850.

William Collins, as administrator of Sarah Guthrie, deceased, brought an action of trover, in Henry Superior Court, against Andrew Turner for the recovery of several negroes. The Jury returned a verdict in favor of the plaintiff for $2100, to be discharged by the delivery of the property in a specified time. Turner, by writ of error, carried the case to the Supreme Court. At the February Term, 1850, of this Court at Macon, the writ of error was dismissed, upon the ground that the defendant in error, Wm. Collins, had no notice of the filing of the same in the Court below—there being no entry of service of a copy by the Sheriff or counsel of the party, as required by the 21st Rule of this Court. At the April Term, 1850, of Henry Superior Court, counsel for Collins moved the Court to enter up judgment against Tur-

ner for the sum of two hundred and ten dollars, as damages, it being ten per cent. on the amount of said verdict of $2100.

The Court overruled the motion, and counsel for Collins excepted.

DOYAL & NOLAN, and CLARK, for plaintiff in error.

MOORE and GLENN, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The dismission of a writ of error in this Court, confirms the judgment below. This is true by our own ruling. We dismiss a writ for defective pleadings. Our judgment, in that case, is not upon the merits of the cause as made in the pleadings. It is upon the sufficiency of the pleadings, and nothing else. The confirmation of the judgment is the legal effect of the dismission of the writ. It is the conclusion which the law draws from that fact. Now, the damages are awarded for bringing up causes for delay only. Whether they are brought up for delay only, can only be determined by a hearing and judgment on the merits. If we neither hear nor adjudge a cause, how can we grant or withhold a certificate? The law, we are satisfied, does not contemplate the recovery of damages in such a case. The damages are recoverable when the judgment of the Court below is for a sum certain, and is *affirmed in the Supreme Court*, provided no one of the Judges will certify that the case was not brought up for delay only. The granting or withholding the certificate is a discretion to be exercised when the judgment, being for a sum certain, is affirmed by us. In this case there has been no affirmance of the judgment by this Court. It is not, therefore, a case for damages. See *law organizing Supreme Court, sec.* 5, 1 *Kelly,* 8.

Let the judgment be affirmed.